## A89A0277. ADAMS v. PPT, INC. et al.
(382 SE2d 732)

BENHAM, Judge.

This is an appeal from a grant of summary judgment. Appellant Adams, an individual and resident of Louisiana d/b/a Adams Construction Company, subcontracted with appellee PPT, Inc., to perform concrete finishing services for PPT at a site in Clayton County, Georgia. The contract price was $56,781.61. Adams performed some of the work and submitted a bill to PPT for partial payment, which PPT refused to pay. Adams sued PPT and its insurance company, appellee Royal Insurance Company of America (Royal) for damages, alleging breach of contract and indemnification therefor (Counts One and Three) and unjust enrichment/quantum meruit (Count Two). Appellees defended against the action, alleging, inter alia, that Adams was a non-resident contractor who failed to register with the State

Revenue Commission as required by the Nonresident Contractors Act (Act) (OCGA § 48-13-30 et seq.), and was therefore precluded from bringing an action for payment on the contract under OCGA § 48-13-37. Adams contended that as a mere provider of services, he was exempt from the taxation provisions of OCGA § 48-8-63 and therefore exempt from complying with the requirements of the Act. Both sides moved for summary judgment, and the trial court granted appellees' motion and denied appellant's. Adams appeals.

1. Appellant argues that the trial court failed to recognize his exempt status under OCGA § 48-8-63. He bases his exemption on a letter he received from the Georgia Department of Revenue, Sales and Use Tax Division, which states that "persons engaged in providing labor services only, not requiring the furnishing of material, machinery and equipment, are not required to secure registration with this office under the provisions of OCGA § 48-8-63." Assuming that appellant is within the category described, his exempt status in that regard, without more, does not confer upon him an automatic exemption from compliance with OCGA § 48-13-30 et seq. See *George C. Carroll Constr. Co. v. Langford Constr. Co.*, 182 Ga. App. 258 (355 SE2d 756) (1987), wherein this court rejected appellant's contention that compliance with OCGA § 14-2-310 et seq. exempted it from compliance with OCGA § 48-13-30 et seq. OCGA § 48-13-31 states that "nonresident contractor[s] desiring to engage in the business of contracting in this state shall register with the commissioner . . . and shall report to the commissioner as provided by rule with respect to the tax liability of the contractor pursuant to the business *including, but not limited to, liability under Chapter 8 of Title 34.*" (Emphasis supplied.) The same phrase is used in OCGA § 48-13-32, which requires contractors to execute a bond with the commissioner. The emphasized phrase indicates that the registration requirements of the Act were intended to address considerations other than the exemption Adams claims, and it cannot be said as a matter of law that exemption as to one provision means exemption from the other.

In defining the term "contractor," OCGA § 48-13-30 does not exempt a provider of services, so appellant's argument for exclusion on that basis, raised in his second enumeration of error, also fails. In addition, the work that appellant contracted to perform was related to the construction of commercial buildings and included pouring and finishing concrete, placing post tensioning, installing steel wire and concrete in stair landings, and distributing dirt. Contrary to appellant's assertion, that activity was within the statutory definition of "constructing . . . buildings . . . [or] [an]other type of structure, project, development, or improvement . . . of real property. . . ." OCGA § 48-13-30.

2. We do agree with appellant's assertion that the trial court

erred in granting appellee's motion for summary judgment, but for a different reason. It was undisputed that Adams was a nonresident contractor and that he did not comply with the requirements of the Act. "Clearly since 1972, a nonresident contractor is required to register in order to maintain an action to recover payment for performance of a contract in the courts of this state." *George C. Carroll Constr. Co. v. Langford Constr. Co.*, 182 Ga. App. 258, 261, supra. However, this court recently held that OCGA § 48-13-37, the section that precludes contract actions for noncompliance, "is a forum-closing sanction that closes the courts of Georgia to the offender until such time, if ever, when the offender can substantially comply, within the meaning of OCGA § 1-3-1 (c), with the provisions of the Nonresident Contractors Act. [Cits.]" *Taco Bell Corp. v. Calson Corp.*, 190 Ga. App. 481, 483 (379 SE2d 6) (1989). "The effect of a forum-closing statute is to deny subject-matter jurisdiction to the courts until such time, if ever, when the statutory impediment is removed. [Cits.]" Id. When the parties moved for summary judgment, there was a question whether Adams was required to comply with the Act. Once the trial court determined that appellant was required to comply (which it apparently did in order to justify the grant of summary judgment), the trial court was also required to conclude that it did not have subject matter jurisdiction of the case absent such compliance. Therefore, the trial court could not rule on the merits of the case, i.e., it could not grant appellees' motion for summary judgment. The lack of statutory compliance with the Act does not go to the merits of the case but serves as a reason for abatement of the case. Id. The appropriate action for the trial court was to enter an involuntary dismissal pursuant to OCGA § 48-13-37, which would not be an adjudication on the merits. OCGA § 9-11-41 (b); *Taco Bell v. Calson Corp.*, supra. For the foregoing reason, we reverse the trial court's grant of summary judgment to appellees.

*Judgment reversed. Birdsong, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

In the case of *Taco Bell Corp. v. Calson Corp.*, 190 Ga. App. 481 (379 SE2d 6) (1989) cited in the majority opinion, two judges concurred specially. While concurring fully with the majority opinion, I also concur in what is said in the mentioned special concurrence in *Taco Bell Corp.*

DECIDED MAY 31, 1989.

*William A. Wehunt*, for appellant.

*J. Ben Shapiro, Jr., April Rich*, for appellees.